French, J.
 

 This action was brought by respondent to recover damages for an automobile injury sustained while driving on the highway in Walla Walla county, Washington. There was a head-on collision between the trucks driven by respondent and appellant Pattee, an employee of Armour & Company, and, as is usual in cases such as this, each party claims the other was at fault. There was a trial before the court with a jury, and from a verdict awarding the respondent damages, this appeal follows.
 

 There are a number of assignments of error, only two of which, we think, it is necessary to consider.
 

 
 *636
 
 The first assignment of error is that the court erred in refusing to grant appellant’s motion for a change of venue. A large number of affidavits were filed involving generally the question as to whether Pattee was a resident of Walla Walla county, and involving also the question of whether or not appellant Armour & Company was doing business in Walla Walla county in such a manner as to permit it to be sued in that county. These affidavits tend to show that Armour & Company had purchased several thousand acres of land in that county; that they were farming some six thousand acres of land there; that the company receives mail there, and has a complete farming outfit; that, under its articles of incorporation, it has the power to carry on farming operations; and we think the facts justified the trial court in reaching the conclusion that Walla Walla county was the proper county in which to maintain this action.
 

 The second claim of error relates to instructions given and refused. Both parties to this action stated that, at the time of the accident, there was a heavy fog. Appellants pleaded that, at the time of th% accident, there was a heavy fog, and pleaded that it was impossible to see approaching vehicles unless the lights of such vehicles were turned on; pleaded that respondent’s truck did not have its lights on at the time of the accident. Appellant Pattee testified:
 

 “Q. What would you estimate was the speed that you were going at? A. I slowed down in this particular bank of fog, slower than I generally drive, to maybe twenty-five and maybe less. I would hate to try to guess it any closer than that. I merely saw a bulk coming right' straight towards me, and I did not have time to figure what it was, or think what it was, until the crash came. It seemed like I went through the air and lit and that was all there was to it. Q. Did this
 
 *637
 
 bulk have any lights on it? A. No, sir. Q. Did you have your lights on? A. Yes, sir, I was driving with both headlights on.”
 

 The trial court was requested to give an instruction on the question of lights, and an exception was taken to the failure to so instruct. The law of the state of Washington relative thereto is as follows:
 

 “Every vehicle when upon any public highway within this state during the period from a half hour after sunset to a half hour before sunrise and at any other time when there is not sufficient light to render clearly discernible a person, vehicle or other substantial object on the highway at a distance of two hundred feet ahead shall be equipped with lighted lamps and/or lighted headlights as herein respectively provided for this class of vehicles and subject to such exceptions as are set forth in this act.” Bern. 1927 Sup., § 6362-19.
 

 We think it clearly appears from the testimony given by the appellant in this case that the accident took place under conditions where the statute above quoted requires vehicles to be lighted. True, respondent testified, and respondent’s witnesses all testified, that his lights were on. But it was appellant’s contention that respondent’s car was not lighted at the time of the accident, and there is evidence in the record warranting the jury in so finding. Appellant is entitled to have his theory of the case submitted to the jury under proper instructions, where, as in this case, there is evidence supporting it. We think the question of the existence of fog so dense as to obscure vision was clearly made an issue by the pleadings and the testimony in this case, and if the fog conditions were as contended for by the appellants, that, under the statute of this state, above quoted, it was clearly respondent’s duty to have his lights burning, and that
 
 *638
 
 the jury should have been permitted to pass on the question under proper instructions.
 

 Reversed.
 

 Mitchell, C. J., Main, Fullerton, and Holcomb, JJ., concur.